UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICK E. SEWELL, SR. ET AL.                CIVIL ACTION NO. 15-1482

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

JOHN LUSTER                                   MAGISTRATE JUDGE HORNSBY

### MEMORANDUM RULING

Before the Court is an appeal by appellants Patrick E. Sewell, Sr. and Bennet N. Sewell, III, through their attorneys. See Record Doc. 5. For the following reasons, the bankruptcy judge's ruling is **AFFIRMED**.

### PROCEDURAL BACKGROUND

This dispute arises out of an appeal pursuant to 28 USC §158(a) from the Order on Hearing to Determine Violation of Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means of the United States Bankruptcy Court for the Western District of Louisiana, Shreveport Division, entered in the case of In re Sewell Brothers Land Company, LLC, No. 13-11260 on April 7, 2015.

### FACTUAL BACKGROUND

Trustee, John Luster filed an Application to Sell Property, and a hearing was held on March 23, 2015. See Record Document 2-1, p. 15. Luster sent a proposed Order to Robert Raley, counsel for the former Debtor in Possession, Sewell Brothers Land Company. Raley subsequently forwarded that email to the Sewells' counsel, John G. Holaday. Id. at p. 33-34. An email was sent by Holaday to Luster verifying that he had

objections to the proposed order on March 26, 2015. Id. at p. 36. On that same day Holaday sent to Luster an email setting forth his objections to Luster's proposed Order and attached to the email a redlined version and a non-redlined version of the proposed Order. Id. at p. 38-39. Holaday copied this email with attachments to Curtis Shelton, counsel for Grand Bank. The proposed Order attached to Holaday's email was Luster's original proposed Order with the changes made by Holaday. Holaday did not change the signature page of the order to reflect that it had been drafted and submitted by him, a mistake that is claimed to have been inadvertent by Holaday. See Record Document 5, p. 3. Opposing counsel disputes that this was an inadvertent mistake. See Record Document 6.

Later that same day, Holaday sent an email to Judge Norman's law clerk and attached the redlined and non-redlined versions of his proposed Order as well as the order proposed by Luster. See Record Document 2-1, at p. 44. The order that contained Holaday's edits still had Luster's signature page. Luster, Shelton and Raley were all copied on this email. See Record Document 5, p. 3

On March 27, 2015, Luster responded to the email sent to him by Holaday the day prior with "ok". Id. Emails were exchanged between Holaday and Judge Norman's law clerk and ultimately Holaday was instructed to upload his version of the order. See Record Document 2-1, at p. 46. Luster, Shelton and Raley were all copied on these emails. See Record Document 5, p. 4. Holaday uploaded his version of the order, which still contained Luster's signature page. Id. Following the uploading of Holaday's order, Shelton emailed the law clerk with various legal objections to changes suggested by Holaday. Shelton did not mention the signature page. See Record Document 2-1, at p. 51.

On March 30, 2015, an order was entered granting the Trustee's Motion to Sell

Property.  Id. at p. 1.  Later that Day, Luster and Shelton filed a Joint Motion to Vacate.  Id. at p. 5.  An Order to Set Hearing was entered by the Bankruptcy Court.  Id. at p. 18.  On April 6, 2015, the Bankruptcy Court held a hearing and sanctioned Holaday for $3,185.00.  Holaday was ordered to pay $1485 to Mr. Luster, $1100 to Mr. Shelton and Mr. Shelton's clients, and a $600 award for travel expense for Mr. Shelton's clients.  See Record Document 3.

## LAW AND ANALYSIS

### A.    Standard of Review

The standard of review as established by the Fifth Circuit for the district court review of sanctions is:

> Like the district court, this court reviews a bankruptcy court's findings of fact for clear error, and its legal conclusions de novo. 'Where the district court has affirmed the bankruptcy court's factual findings, we will only reverse if left with a firm conviction that error has been committed.' A bankruptcy court's assessment of monetary sanctions for contempt is reviewed for abuse of discretion.

In re Bradley, 588 F. 3d 254, 261 (5th Cir. 2009), citing Placid Refining Co. v. Terrebonne Fuel & Lube, Inc. 108 F. 3d 609, 613 (5th Cir. 1997).

### B.    Jurisdiction

This Court has jurisdiction of this appeal under 28 U.S.C. § 1334(a) and 28 U.S.C. § 158(a), as this proceeding is an appeal from an order of the United States Bankruptcy Court for the Western District of Louisiana.

**C.	Analysis**

The standard set forth by the Fifth Circuit in reviewing sanctions by the Bankruptcy Court is whether there has been an abuse of discretion. Judge Norman orally ruled:

> The Court finds that those actions of uploading an order that contains a signature line where there clearly has been no signature basically does in fact, [sic] the violation of the administrative procedures for filing, signing, and verifying pleadings and papers by electronic means as amended March 18, 2014, of the United States Bankruptcy Court for the Western District of Louisiana, and finds that sanctions are appropriate.

See Record Document 3. Judge Norman determined that Holaday had violated the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means. Id. It is clear from the record that Holaday uploaded an order containing an electronic signature that was not his own, without the permission of the person whose signature was in the order. As this is a finding of fact, it must be reviewed for clear error. This court does not find any clear error on the part of the Bankruptcy Court in this determination.

With regards to sanctions, this Court finds that there has been no abuse of discretion by the Bankruptcy Court in issuing sanctions upon Mr. Holaday. The Bankruptcy Court has the discretion to issue sanctions if it finds it appropriate given the circumstances. There is no evidence that the Bankruptcy Court abused its discretion to impose sanctions for a violation of the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means. For this reason the sanctions

issued by the Bankruptcy Court are upheld.

**III.    Conclusion**

    For the reasons set forth above, the ruling issued May 29, 2015, by Bankruptcy Judge Jeff Norman is **AFFIRMED**.

    A Judgment consistent with the terms of this instant Memorandum Ruling shall issue herewith.

    **THUS DONE AND SIGNED** at Shreveport, Louisiana, this 30th day of March, 2016.

*[signature]*
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE